IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BENCHOFF, | : | **CIVIL ACTION NO. 3:CV-11-1106** |
| Plaintiff | : | (Judge Caputo) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN JOHN WETZEL, et al., | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I.     BACKGROUND**

On June 6, 2011, Plaintiff filed, *pro se*, a Complaint pursuant to 42 U.S.C. § 1983, alleging Defendants violated the following constitutional provisions in relation to Defendants' alleged decision to deny Plaintiff parole: (1) the due process clause; (2) the ex post facto clause; and (3) the separation of powers clause. (Doc. 1). As the case has a lengthy procedural history, we will only address the relevant Amended Complaint (Doc. 102) at issue.

On July 16, 2012, Plaintiff filed a Proposed Amended Complaint pursuant to 42 U.S.C. § 1983. (Doc. 102). Because Plaintiff is proceeding *in forma pauperis*, we have an obligation to screen this Amended Complaint in accordance with the Prison Litigation Reform Act.

We will also address Plaintiff's Motion to Dismiss Defendant John Doe 1, which was also filed on July 16, 2012. (Doc. 103).

## II.     STANDARDS OF REVIEW

### A.     PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act of 1995,[1] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, § 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### B.     MOTION TO DISMISS UNDER RULE 41(b)

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court* . . ." Fed.R.Civ.P. 41(b) (emphasis added).

### C.     FEDERAL RULE OF CIVIL PROCEDURE 15(a)

Rule 15(a) of the Federal Rules of Civil Procedure addresses Amended and Supplement Pleadings, and the relevant part to the Amended Complaint at issue states the following:

> (a) Amendments Before Trial.
>     (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>         (A) 21 days after serving it, or

---

[1] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

    (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a).

### III. DISCUSSION

  A.  **AMENDED COMPLAINT**

  As stated, Plaintiff filed an Amended Complaint on July 16, 2012. (Doc. 102). However, Plaintiff failed to first file a Motion for Leave of Court to file an Amended Complaint. According to Rule 15(a), a plaintiff can file an Amended Complaint without leave of court: (1) within twenty-one (21) days after serving the initial Complaint; or (2) within twenty-one (21) days after service of a pleading to which a response is due or after service of a motion under Rule 12(b), (e), or (f). Fed.R.Civ.P. 15(a)(1)(A). If a plaintiff cannot file an Amended Complaint under either of these two conditions, a plaintiff can only file an Amended Complaint with either the opposing party's written consent or by filing a motion for the court's leave to file an Amended Complaint. Fed.R.Civ.P. 15(a)(1)(B).

  In this instant case, Plaintiff is precluded from filing an Amended Complaint in accordance with an Order dated March 22, 2012 and in accordance with Rule 15(a)(1)(A). In the Court's March 22, 2012 Order, we stated that the matter was to proceed on Plaintiff's Document 24 Amended Complaint, and that a second Amended Complaint was not required. (Doc. 81).

Furthermore, Plaintiff is not permitted to amend his Complaint based on Rule 15(a)(1)(A) because Plaintiff has not served the Amended Complaint within twenty-one (21) days of service of his initial Complaint, which he filed on June 9, 2011. (Doc. 1). Additionally, Plaintiff's Amended Complaint has not been filed in response to service of a responsive pleading or motion under Rule 12(b), (e), or (f). Therefore, because Plaintiff is precluded from filing an Amended Complaint under Rule 15(a)(1)(A), Plaintiff can only file an Amended Complaint in accordance with Rule 15(a)(1)(B), by either obtaining written consent of the opposing parties or by filing a Motion for Leave of Court to File an Amended Pleading. *Palmer v. Weaver*, 512 F. Supp. 281 (E.D. Pa. 1981) ("After plaintiff's counsel withdrew at plaintiff's request, plaintiff submitted an amended complaint. This amendment was submitted without motion for leave to amend as required by Fed.R.Civ.P. 15(a) and after defendant had moved for summary judgment. Ordinarily such an amendment would not be considered.").

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a pleading for failure to comply with a court's order and/ or rules. Fed.R.Civ.P. 41(b). In this case, Plaintiff failed to comply with the Court's March 22, 2012 Order that the case would proceed on Plaintiff's Document 24 Amended Complaint. Plaintiff also failed to comply with Federal Rule of Civil Procedure 15(a) because Plaintiff failed to obtain leave of Court to file an amended complaint. Therefore, we will respectfully recommend that Plaintiff's Amended Complaint be dismissed without prejudice therefore affording Plaintiff the opportunity to first file a Motion for Leave of Court to File an Amended Complaint along with a Proposed

Amended Complaint in order to comply with Middle District Local Rule 15.1.

### B.     MOTION TO DISMISS DEFENDANT JOHN DOE 1

On July 16, 2012, Plaintiff filed a Motion to Dismiss Defendant John Doe 1.  (Doc. 103).  In this Motion, Plaintiff contends that because Defendant John Doe 1 has been identified as Michael Green by Defendant Potteiger in his interrogatory responses, and because Defendant Michael Green has been added as a Defendant to the suit (see Docket #3:11-cv-1106, Docket Sheet), John Doe 1 should be dismissed as a Defendant.  (Doc. 103, p. 2-3).  Being that Plaintiff is satisfied with Defendant Potteiger's identification of Defendant John Doe 1 as Michael Green, we see no reason why it would be improper to terminate "Defendant John Doe 1" as a party to the action.  His identity has been ascertained, and he has already been added to the action as a Defendant.  Therefore, we will respectfully recommend that the Court dismiss Defendant John Doe 1 with prejudice effectively terminating him as a Defendant in this instant action.

### IV.     RECOMMENDATION

Based on the foregoing discussion, we respectfully recommend that Plaintiff's Amended Complaint be **DISMISSED WITHOUT PREJUDICE**.  We remind Plaintiff to be aware of the pleading requirements of both Federal Rule of Civil Procedure 15(a) and United States District Court for the Middle District of Pennsylvania Local Rule 15.1.

Furthermore, we respectfully recommend that Defendant John Doe 1 be **DISMISSED WITH PREJUDICE** from the action as his identity has been ascertained as Michael Green to

Plaintiff's satisfaction, and Defendant Michael Green has already been added as a party to the suit.

                                          **s/ Thomas M. Blewitt**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: August 6, 2012**

Plaintiff's satisfaction, and Defendant Michael Green has already been added as a party to the suit.

                                        **s/ Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: August 6, 2012**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BENCHOFF, | : | **CIVIL ACTION NO. 3:CV-11-1106** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN JOHN WETZEL, et al., | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 6, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to timely file objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

                                                          **s/ Thomas M. Blewitt**
                                                          **THOMAS M. BLEWITT**
                                                          **United States Magistrate Judge**

**Dated: August 6, 2012**