**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT BENCHOFF, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-1106 |
| v. | (JUDGE CAPUTO) |
| WARDEN JOHN WETZEL, et al., | (MAGISTRATE JUDGE BLEWITT) |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is Magistrate Judge Blewitt's Report and Recommendation (Doc. 105) to Plaintiff's second Amended Complaint (Doc. 102) and Plaintiff's Motion to Dismiss Defendant John Doe 1. (Doc. 103). Magistrate Judge Blewitt recommends that Plaintiff's second Amended Complaint be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 15(a). Magistrate Judge Blewitt also recommends that Defendant John Doe 1 be dismissed with prejudice, as he has been identified as Michael Green, who has already been added as a defendant to the suit.

Where objections to the Magistrate Judge's report are filed, the court must conduct a *de novo* review of the contested portions of the report. *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir.1989) (citing 28 U.S.C. § 636(b)(1)(c)). However, this only applies to the extent that a party's objections are both timely and specific. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). In conducting a *de novo review*, the court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa.1993). Although the review is *de novo*, the law permits the court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675–76, 100 S. Ct. 2406, 65 L. Ed. 2d 424 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F.Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Goney, 749 F.2d at 7. At the

very least, the court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F.Supp. 375, 376–77 (M.D. Pa. 1998).

Defendants did not file objections to the Magistrate Judge's Report and Recommendation. On August 20, 2012, Plaintiff filed a document entitled "Petitioner's Answer to Report and Recommendation." (Doc. 106.) In this document, Plaintiff "agrees with the determinations of the Court regarding the requirement to seek Leave of Court to Amend the Pleading." (Doc. 106, 1.) He further notes that he will seek leave of court to remove Defendant John Doe 1 from the suit and substitute Defendant John Doe 2 with Pat McCrone, who has been identified as the hearing examiner for the Pennsylvania Board of Probation and Parole who participated in Plaintiff's 2010 parole decision. (Doc. 106, 1.)

Based on the foregoing, Plaintiff has not objected to Magistrate Judge Blewitt's suggestion that Plaintiff's second Amended Complaint be dismissed without prejudice for failure to obtain leave of court to file an amended complaint.[1] And, finding no clear error or manifest injustice in the Report and Recommendation, Magistrate Judge Blewitt's recommendations will be adopted.

## ORDER

**NOW** this 14th day of September, 2012, upon review of the Report and Recommendation of Magistrate Judge Blewitt (Doc. 105) for clear error or manifest injustice, **IT IS HEREBY ORDERED** that:

(1) The Report and Recommendation (Doc. 105) is **ADOPTED.**

(2) Plaintiff's second Amended Complaint (Doc. 102) is **DISMISSED WITHOUT PREJUDICE**.

---

[1] The Court will not resolve whether Plaintiff should be granted leave of court to file his second Amended Complaint, as this is not an issue before the Court in deciding whether to adopt or reject the Report and Recommendation. If Plaintiff still desires leave to file the second Amended Complaint, he may make a proper request for leave of court to file this pleading. And, after the request is fully briefed, the Court will determine whether leave is permitted or warranted in this action.

(3) Plaintiff's Motion to Dismiss Defendant John Doe 1 (Doc. 103) is **GRANTED**.

(4) The matter is **RECOMMITTED** to Magistrate Judge Blewitt for further proceedings.

/s/ A. Richard Caputo

A. Richard Caputo
United States District Judge