**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT BENCHOFF, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-CV-1106 |
| v. | (JUDGE CAPUTO) |
| DIANE YALE, et al., | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court are Plaintiff's Motion for a Preliminary Injunction or Temporary Restraining Order (Doc. 110) and Motion to Appoint Counsel (Doc. 114). Because the *Tabron* factors as a whole weigh against the appointment of counsel, Plaintiff's Motion to Appoint Counsel will be denied. Because Plaintiff fails to show, *inter alia*, a likelihood of success on the merits or that he will suffer irreparable harm if the injunction is not issued, his Motion for a Preliminary Injunction will be denied. Finally, because Plaintiff cannot show that immediate and irreparable injury or harm will result to him, his Motion for a Temporary Restraining Order will be denied.

**I. Background**

Plaintiff Robert Benchoff, who is proceeding *pro se*, is currently an inmate at the State Correctional Institution at Dallas ("SCI-Dallas"). (Doc. 24, at 5.) The Defendants in this action are: Norman Demming, Classification and Program Manager for the Pennsylvania Department of Corrections ("the Department") at SCI-Dallas; Diane Yale, the Department's Supervisor of Records at SCI-Dallas; Michael Green, a member of the Pennsylvania Board of Probation and Parole ("the Board"); John Doe 1, a member of the Board; and John Doe 2, a hearing examiner for the Board. (Doc. 24, at 5–8.) On November 17, 2011, Plaintiff filed an Amended Complaint pursuant to 42 U.S.C. § 1983,

alleging that Defendants violated several constitutional provisions in relation to evaluating him for parole by incorrectly classifying him as a violent offender and failing to credit him with time served for expired sentences. (Doc. 24, at 8–10.)

In August 1995, a jury in the Court of Common Pleas of Franklin County found Plaintiff guilty of burglary, simple assault, and criminal trespass. (Doc. 24, at 11.) At the time of the jury trial, Plaintiff also pled guilty to two (2) counts of interference with the custody of children for a separate incident. (Doc. 24, at 11.) Plaintiff was sentenced in December 1995. (Doc. 24, at 11.) His sentences were structured so that he would serve a prison term of one (1) to six (6) years for the first interference with custody of children charge, followed by a consecutive term of one (1) to six (6) years for the second interference with custody of children charge, followed by a consecutive term of four (4) to twenty (20) years for the burglary charge. (Doc. 24, at 12.) In August 1997, the Superior Court of Pennsylvania vacated the sentences for the burglary, simple assault, and criminal trespass convictions and remanded for an evidentiary hearing and re-sentencing. *Com. v. Benchoff*, 700 A.2d 1289 (Pa. Super. 1997). At his re-sentencing in March 1998, Plaintiff received an identical sentence for the burglary conviction but was not sentenced for criminal trespassing or simple assault. (Doc. 24, at 12.) His re-sentencing did not alter the sequence of the sentences imposed in December 1995. (Doc. 24, at 12.)

Plaintiff was committed to the custody of the Department in December 1995. (Doc. 24, at 13.) At that time, the Department aggregated the three consecutive sentences to determine one new sentence with a minimum sentence date of December 16, 2000, at which point Plaintiff would become parole-eligible, and a maximum sentence date of December 16, 2026. (Doc. 24, at 13.) Plaintiff acknowledges that the Department correctly determined that the aggregated sentence would be at least six (6) years and at most thirty-two (32) years. (Doc. 24, at 13.) Plaintiff was labeled as a violent offender hen his

sentences were aggregated, as the Board classified burglary as a violent offense at that time. (Doc. 24, at 13.) Plaintiff was incarcerated at SCI-Waymart between 1996 and 2006 and has been incarcerated at SCI-Dallas since 2006. (Doc. 24, at 24–25.) He was first interviewed for release on parole in 2000 and has been regularly reviewed since then, most recently in 2010. (Doc. 24, at 24–25.) Plaintiff is next scheduled to be reviewed for parole in the third quarter of 2012. (Doc. 110, at 4.)

On August 28, 2012, Plaintiff moved for appointment of counsel (Doc. 114) and also for a preliminary injunction and temporary restraining order. (Doc. 110.) Plaintiff contends in his motion for a preliminary injunction and temporary restraining order that the Department unconstitutionally combined his three consecutive sentences into one concurrent sentence, which has subsequently resulted in the violation of his substantive due process rights. (Doc. 110, at 6.)

Plaintiff argues that his DC-16 sentence status transcript, which lists the sentences that he is presently serving, is inaccurate because it indicates that all of his sentences are active (*i.e.*, that his instant offenses are both burglary and interference with the custody of children). (Doc. 110, at 3.) He maintains that because he has served the full term for each sentence for interference with the custody of children, his DC-16 transcript should reflect that those sentences expired on December 16, 2000 and December 16, 2006, respectively. (Doc. 110, at 2–6.) Plaintiff claims that he was denied substantive due process and irreparably harmed at his 2010 parole hearing because the Board used the DC-16 transcript, which listed his instant offenses as both burglary and interference with the custody of children, in its decision-making process. (Doc. 110, at 3.) Plaintiff further claims that the Department violated the Separation of Powers when it aggregated his sentences, transforming them from three consecutive sentences into concurrent sentences. (Doc. 110, at 6.) He seeks to enjoin Defendant Yale, the Department's Supervisor of Records at SCI-

Dallas, from acting on his DC-16 transcript until mechanisms are implemented to ensure that the Board only considers sentences that are actively being served when it makes its parole determinations. (Doc. 110, at 7.)

In her responses to Plaintiff's inmate grievance concerning the aggregation of his consecutive sentences, Defendant Yale informed him of how the Department aggregates sentences. (Doc. 113, Ex. M, Ex. A-A.) She noted that the Commonwealth Court of Pennsylvania requires the Department "to aggregate sentences that were declared to be consecutive by the sentencing court." (Doc. 113, Ex. A-A.) She explained that "[a]ggregation is the adding together of consecutive sentences to form one new sentence with one effective date, one minimum date and one maximum date," (Doc. 113, Ex. A-A), and as a result "[Plaintiff's] aggregated sentence became one 6y[ear]–32y[ear] sentence." (Doc. 113, Ex. M.) "Thus, none of [Plaintiff's] sentences are expired. They are still running as one sentence with one minimum and one maximum date." (Doc. 113, Ex. A-A.) And with regard to the 2010 parole decision, Defendant Yale reminded Plaintiff that he was refused parole for reasons identified by the Board, including his risk to the community and his minimization of the offenses that he committed. (Doc. 113, Ex. A-A.)

## II. Discussion

### A. Plaintiff's Motion to Appoint Counsel

While there is no constitutional or statutory right to counsel for civil litigants, it is within the district court's discretion to appoint counsel under 28 U.S.C. § 1915(e)(1). *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). In considering whether to appoint counsel, a court should first determine that the plaintiff's claim has some arguable merit in fact and law. *Id.* at 257 (citing *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993)). Once the court has assured itself that the action is sufficiently meritorious to warrant appointment of counsel, it should consider the six *Tabron* factors to determine

whether or not to make the appointment:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which the factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his or her own behalf.

*Parham,* 126 F.3d at 458.  This list is not exhaustive, and the decision of whether or not to appoint counsel must be made on a case-by-case basis after considering all relevant factors.  *Tabron*, 6 F.3d at 158-59.

As a threshold matter, I do not find Plaintiff's claim to have arguable merit in fact and law.  Plaintiff's misunderstanding of the aggregation of his criminal sentences dooms the merit of his claim.  "Aggregation of sentences is simply the combining of multiple consecutive sentences . . . and treating them as if they were a single sentence." 12 West's Pa. Prac., Law of Probation & Parole § 4:9 (2012-2013 ed.).  It is well-established that in Pennsylvania courts, "once the sentencing court imposes a consecutive sentence, aggregation with other consecutive sentences is automatic and mandatory under 42 Pa.C.S. § 9757."  *Gillespie v. Department of Corrections*, 106 Pa. Cmwlth. 500, 508, 527 A.2d 1061, 1065 (1987); *see also* 12 West's Pa. Prac., Law of Probation & Parole § 4:9 (2012-2013 ed.).  The Department's aggregation of Plaintiff's three consecutive sentences, as mandated by 42 Pa. C.S. § 9757 and judicial interpretation of that statute, was proper and does not violate the Separation of Powers.  Defendant Yale correctly noted that because of the aggregation, "none of [Plaintiff's] sentence are expired.  They are still running as one sentence with one minimum and one maximum date." (Doc. 113, Ex. A-A.)

5

Thus, the DC-16 transcript accurately shows that Plaintiff's instant offenses are burglary and interference with the custody of children because he is serving one aggregated sentence for those two crimes that will not expire until December 16, 2026. Accordingly, the Board did not violate Plaintiff's substantive due process rights by utilizing the DC-16 in its 2010 decision to deny parole.

Even if Plaintiff's claim had arguable merit in fact and law, an analysis of the *Tabron* factors suggests that counsel should not be appointed in this case. The first factor favors not appointing counsel because Plaintiff has demonstrated an ability to effectively present his own case and advance his claims in a thoughtful manner. The second factor weighs against the appointment of counsel because this case does not appear to present particularly complex legal issues. The third factor also weighs against appointment, as it is unlikely that a factual investigation by someone else would yield better results than the investigation undertaken by Plaintiff to plan and present his case. The fourth factor favors not appointing counsel because the case is not likely to turn on credibility determinations, and the fifth factor weights against appointment because it does not appear that expert testimony is necessary in this case. The sixth factor favors Plaintiff, as he is currently proceeding in forma pauperis. However, after considering all six *Tabron* factors, this Court finds that counsel should not be appointed in this case.

As the United States Court of Appeals for the Third Circuit has emphasized, volunteer lawyer time is a scarce resource which should not be expended indiscriminately. *Parham*, 126 F.3d at 458. Courts have an obligation to strive to ensure that this resource is allocated to the cases of the greatest merit and to those plaintiffs in greatest need of assistance of counsel. *See Tabron*, 6 F.3d at 157. The present action is not such a case.

### B. Plaintiff's Motion for Preliminary Injunction

Injunctive relief is extraordinary in nature, and such relief should only be granted in limited circumstances. *A.T. & T. Co. v. Winback and Conserve Program, Inc.,* 42 F.3d 1421, 1426–27 (3d Cir. 1994). The United States Court of Appeals for the Third Circuit has outlined four factors that a court ruling on a motion for a preliminary injunction must consider: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) wether granting the preliminary relief will be in the public interest. *Crissman v. Dover Downs Entertainment Inc.*, 239 F.3d 357, 364 (3d Cir. 2001).

### 1. Likelihood of Success on the Merits

For the reasons described above, Plaintiff is unable to establish a likelihood of success on the merits. Although Plaintiff has asserted that, by aggregating his three consecutive sentences into one, the Department has invaded the purview of the judicial branch and violated the Separation of Powers, the Department has in fact done the opposite. Pennsylvania courts have consistently held that 42 Pa. C.S. § 9757 mandates the automatic aggregation of consecutive sentences. *See, e.g., Gillespie v. Department of Corrections*, 106 Pa. Cmwlth. 500, 527 A.2d 1061 (1987); *Commonwealth v. Ford-Bey*, 404 Pa. Super. 281, 590 A.2d 782 (1991). In compliance with this requirement, the Department aggregated Plaintiff's three sentences into one six (6) to thirty-two (32) year sentence, which will expire on December 16, 2026. Although he has been incarcerated for nearly seventeen (17) years, Plaintiff has not served the full term of his aggregated sentence. Therefore, the DC-16 transcript is correct in showing that Plaintiff's instant offenses are interference with the custody of children and burglary, and the Board did not violate Plaintiff's substantive due process rights by utilizing the DC-16 transcript in

its decision-making process.

Additionally, even if the Department listed Plaintiff's two sentences for interference with the custody of children as expired on his DC-16 transcript, Plaintiff is unlikely to show that the Board's most recent parole decision (or any future parole decision) would be different as a result.  In its 2010 decision, the Board noted that its reasons for denial included the level of risk Plaintiff posed to the community, Plaintiff's minimization of the nature and circumstances of his offense(s), and the negative recommendation of the prosecuting attorney.  (Doc. 102-1, Ex. A.)  There is no indication that the Board based its decision in any way on whether his sentences for interference with the custody of children were active or expired.  Therefore, Plaintiff cannot prove the likelihood of his success on the merits in any fashion.

### 2. Irreparable Harm if the Injunction is Denied

Plaintiff carries the burden of showing that "irreparable injury is likely in the absence of an injunction."  *Winter v. Natural Res. Def. Council, Inc.*, 55 U.S. 7, 22 (2008).  "In fact, Plaintiff must show *immediate* irreparable injury, which is more than merely serious or substantial harm."  *Messner v. Brunner*, 2009 WL 1406986, *3 (W.D. Pa. 2009) (citing *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)).  To demonstrate irreparable harm, a party must show "a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484–85 (3d Cir. 2000).  "[T]he claimed injury cannot merely be possible, speculative, or remote."  *Dice v. Clinicorp, Inc.*, 887 F.Supp. 803, 809 (W.D. Pa. 1995).  The issuance of an injunction is not proper "simply to eliminate the possibility of a remote future injury . . . ."  *Acierno v. New Castle County*, 40 F.3d 645, 653 (3d Cir. 1994) (citations omitted).

Plaintiff is unable to prove the likelihood of irreparable injury if an injunction is not

issued because his proffered injury is speculative and insufficient.  Plaintiff claims that he was irreparably harmed when the Board refused him parole in 2010 after consulting the DC-16 transcript in its evaluation process.  Plaintiff implies that he will suffer immediate irreparable harm if his DC-16 transcript is not changed to show that he is only serving his burglary sentence by the time of his upcoming evaluation for parole.  However, this does not justify the issuance of a preliminary injunction, as Plaintiff effectively claims that he will be injured if the Department fails to act in a manner that violates the law.  As has been discussed, the Department correctly aggregated Plaintiff's three sentences into one new sentence in accordance with Pennsylvania law.  Plaintiff therefore cannot prove the likelihood of irreparable injury if an injunction is not issued.

### 3. Granting Relief Will Result in Greater Harm to Defendant

In determining whether to grant the injunction, courts will balance the hardships to ensure that its issuance will not harm the non-moving party more than a denial would harm the moving party.  *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 727 (3d Cir. 2004).  Additionally, the more likely a particular party is to win, the less they will need in terms of "harms" to weigh in their favor.  *Id.* at 729.

Because Plaintiff is unable to establish the prior two elements of likelihood of success and irreparable harm, he must show significant evidence of hardships.  Plaintiff claims that no harm will come to Defendants from granting him a temporary injunction because such an injunction will simply require them to follow the sentencing order entered by the Court of Common Pleas of Franklin County.  However, as has been established, the Department was required by 42 Pa. C.S. § 9757 to aggregate Plaintiff's sentences.  Granting a preliminary injunction in Plaintiff's favor would result in greater harm to Defendant Yale, as it would prevent her from lawfully performing her job duties.

### 4. Relief Is Not Favored by the Public Interest

If a party can demonstrate "both a likelihood of success on the merits and irreparable injury," the public interest will typically favor that particular party. *Miller v. Skumanick*, 605 F.Supp.2d 634, 647 (M.D. Pa. 2009) *aff'd sub nom. Miller v. Mitchell*, 598 F.3d 139 (3d Cir. 2010). However, courts should still weigh all four factors before deciding whether to grant the injunction. *Id.*

Although Plaintiff claims that issuing the injunction will serve the public interest, he offers no argument to support his conclusory statement. The section of his brief that nominally addresses the public interest only reiterates his claims that the Department has not granted him time served and has transformed his consecutive sentences into a concurrently-served sentence. As discussed earlier, Plaintiff has failed to show a likelihood of success on the merits or that he will be irreparably injured if the motion is denied. Furthermore, he has failed to give any substantive reason why granting an injunction would serve the public interest. In weighing all four *Tabron* factors, it is clear that it would be improper for this Court to grant Plaintiff a preliminary injunction. Accordingly, Plaintiff's Motion for a Preliminary Injunction will be denied.

### C. Plaintiff's Motion for Temporary Restraining Order

This Court may grant a temporary restraining order only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury . . . will result to the movant before the adverse party can be heard in opposition . . . ." Fed. R. Civ. P. 65(b)(1)(A). As previously discussed, Plaintiff has not alleged specific facts showing that he would face immediate and irreparable injury. Because Plaintiff has failed to make the required showing under Rule 65, a temporary restraining order cannot issue and Plaintiff's Motion for a Temporary Restraining Order will be denied.

### III. Conclusion

  Because the *Tabron* factors as a whole weigh against the appointment of counsel, Plaintiff's Motion to Appoint Counsel will be denied. Because the factors that this Court must consider in granting a preliminary injunction all weigh against Plaintiff, his Motion for a Preliminary Injunction will be denied. Finally, because Plaintiff cannot clearly show that immediate and irreparable injury or harm will result to him, his Motion for a Temporary Restraining Order will be denied. An appropriate order follows.


| | |
|---|---|
| September 14, 2012<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |