# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT BENCHOFF, | : | |
| Plaintiff | : | Civil No. 3:11-CV-1106 |
| v. | : | |
| DIANE YALE, et al., | : | (Mannion, D.J.)<br>(Blewitt, M.J.) |
| Defendants | : | |

# M E M O R A N D U M

Pending before the court is the report and recommendation, (Doc. No. 168), of Judge Thomas M. Blewitt[1] recommending that the district court deny plaintiff's motion for partial summary judgment, (Doc. No. 107), and grant defendants' motion for summary judgment. (Doc. No. 153). Plaintiff filed objections to the report and recommendation on September 3, 2013. (Doc. No. 176). After a *de novo* review of those portions of the report and recommendation to which plaintiff objects, the court will **ADOPT** the report and recommendation **IN ITS ENTIRETY**, **GRANT** defendants' motion for summary judgment, and **DENY** plaintiff's motion for partial summary judgment.

---

[1] Plaintiff misidentifies Magistrate Judge Blewitt as "Magistrate" Blewitt. The title magistrate no longer exists in the U.S. Courts, having been changed from "magistrate" to "magistrate judge" in 1990. Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, §321 (1990) ("After the enactment of this Act, each United States magistrate . . . shall be known as a United States magistrate judge."). Plaintiff is reminded to use the correct title, in the future, when referring to Judge Blewitt.

Also pending before the court are plaintiff's motion for extension of time to permit service of request for admissions, (Doc. No. 169), and plaintiff's appeal, (Doc. No. 172), of Judge Blewitt's order, (Doc. No. 167), withdrawing an earlier motion for extension of time to permit service of request for admissions. (Doc. No. 166). The court will **DENY** plaintiff's motion for enlargement of time, and **DENY** plaintiff's appeal of Judge Blewitt's order as moot.

I. **BACKGROUND**

Plaintiff Robert Benchoff is a prisoner at the State Correctional Institution at Camp Hill, Pennsylvania. He filed this action *pro se* under 42 U.S.C. §1983 on June 6, 2011, (Doc. No. 1), and filed an amended complaint, (Doc. No. 24), on November 17, 2011. He alleges violations of the *ex post facto* clause of the U.S. Constitution and due process violations.

Plaintiff pleaded guilty to two counts of interference with child custody and was found guilty of one count of burglary in 1995. (Doc. No. 161, at 1). He was sentenced to incarceration for one to six years for each count of interference with custody, and four to twenty years for the burglary, resulting in an aggregate sentence of six to thirty-two years. (Id. at 1). Plaintiff's minimum sentence expired on December 16, 2000, and his maximum sentence will expire on December 16, 2026. (Id. at 2).

Plaintiff has been classified as a "violent offender." (Doc. No. 115, at att.

23, ¶ 9). Plaintiff claims that burglary was not considered a violent offense at the time he committed the crime, and thus that his classification as a violent offender is a retroactive application of the law. (Doc. No. 24, at ¶¶ 38-40). He alleges that this classification is a violation of the *ex post facto* clause, and that he has been thereby harmed because the violent offender classification increases the stringency of the requirements he must meet in order to be granted parole. (Id. at ¶ 34). He additionally alleges that the use of documents identifying him as a violent offender by the parole board was a violation of his due process right to have accurate information used in his parole hearings. (Id. at ¶ 50).

Plaintiff also alleges that his substantive due process rights under the 14th Amendment, as well as his rights under the double jeopardy clause of the 5th Amendment,[2] have been violated because he has not been granted credit for time served on his sentences. (Id. at ¶ 78). He claims that because his sentence is treated as one continuous sentence, and not a series of three separate sentences, he is effectively serving "multiple sentences for the same

---

[2] Plaintiff's complaint (Doc. No. 24, at ¶ 78) does not use the words "double jeopardy." He claims that the 5th Amendment has been violated, causing him to serve "multiple punishments on the same conviction." Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, at 94 (2007)(citations omitted). The court will thus construe his complaint to raise a claim for violation of the double jeopardy clause of the 5th Amendment.

3

conviction." (Id. at ¶ 77).

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

4

## III. DISCUSSION

### A. Report and Recommendation

Plaintiff lists eleven specific objections to Judge Blewitt's report, as well as three "general objections." As many of these objections deal with the same substance, the court will address them together where appropriate.

Plaintiff repeatedly objects to Judge Blewitt's report on the basis that it addresses "sentence aggregation" rather than "credit for time in custody," which plaintiff believes is the real nature of the issue before the court. (Doc. No. 176, at 1, 9-10). Plaintiff has, correctly, admitted that his claims are properly aggregated under Pennsylvania law. However, his misunderstanding of the *effects* of aggregation is, in fact, an issue before the court. Plaintiff has repeatedly asserted that the state has committed constitutional error by failing to recognize that his "first" two sentences for interference with custody have been served in full, and are thus expired. Plaintiff's claims for violation of due process, the doctrine of separation of powers, and double jeopardy stem from these assertions. (Doc. No. 24, at ¶¶ 66-78).

The report and recommendation properly addresses the aggregation of plaintiff's sentences. (Doc. No. 168, at 19-21). The three underlying sentences have been aggregated to form *one sentence*. *See* Wilson v. Com., Pa. Bureau of Corrections, 492 A.2d 70, 71 (Pa. Commw. Ct. 1985)(emphasis added). This aggregation is automatic and mandatory under Pennsylvania law. Forbes v. Pa. Dept. of Corrections, 931 A.2d 88, 92 (Pa. Commw. Ct.

2007), quoting Gillespie v. Dept. of Corrections, 527 A.2d 1061, 1065 (Pa. Commw. Ct. 1987). There is no law entitling plaintiff to have his sentences "unaggregated" for the purposes of determining that any of his three underlying, pre-aggregation sentences have expired. Federal courts have held that "the aggregation of minimum and maximum sentences does not present a constitutional issue." Favors v. Pennsylvania Dept. of Corrections, No. 10-2123, 2010 WL 5625908, at *8 (M.D.Pa. Nov. 4, 2010), citing United States ex rel. Monk v. Maroney, 378 F.2d 55 (3d Cir. 1967). Judge Blewitt was therefore correct to recommend granting defendants summary judgment on plaintiff's due process claims stemming from the effects of aggregation.

Plaintiff also objects to the report and recommendation on the grounds that it failed to address his 5th Amendment double jeopardy claim, (Doc. No. 176, at 2, 3-4), in which he alleges that the failure of prison officials to recognize that two of his underlying sentences have expired has caused him to serve more than one punishment for each of his interference with custody convictions. (Doc. No. 24, at ¶ 78). Although the report and recommendation does not explicitly address the double jeopardy claim,[3] the facts underlying the claim were addressed in the report. (Doc. No. 168, at 19-21). As noted

---

[3]The report and recommendation treats plaintiff's vaguely pleaded 5th Amendment claim as one for violation of due process, and regards the claim as an improper one, as all of the defendants in this case are state, and not federal, actors. (Doc. No 168, at 7, FN 4).

above, plaintiff's sentences have been properly aggregated, and that aggregation does not present any constitutional issues. *See* Favors, 2010 WL 5625908, at *8. Summary judgment in favor of defendants is therefore properly granted as to plaintiff's 5th Amendment double jeopardy claim.

Plaintiff's remaining objections regard his due process and *ex post facto* clause claims arising from what plaintiff alleges to be his unconstitutionally retroactive classification as a violent offender. He objects that only his 2010 parole violation, and not his previous violations, are addressed in the report, (Id. at 4-5, 9), and that the court failed to properly consider all of the material evidence regarding his classification as a violent offender (Id. at 5-8).

Judge Blewitt's report finds that the record does not support the plaintiff's contention that burglary was only considered a violent crime by the Department of Corrections *after* plaintiff committed his offense on December 25, 1994. (Doc. No. 168, at 16-17). The report further finds that even if there was such a change in policy, it did not have the effect of increasing plaintiff's punishment. (Id. at 17). After a review of the record, the court agrees with this assessment, and concurs that there is insufficient evidence in the record to support a claim for a retroactive application of the law. Thus, Judge Blewitt's recommendation is adopted and defendants' summary judgment motion is granted as to the *ex post facto* claim and the due process claims stemming from his violent offender classification.

B.   **Motion for Enlargement of Time and Appeal**

On July 29, 2013, plaintiff moved for an enlargement of time to permit service of a request for admissions. (Doc. No. 166). Plaintiff wishes to submit to the court a brief filed by a defendant in another of plaintiff's pending cases in this district.[4] In his brief in support of a motion to dismiss for failure to state a claim, Fogal, the District Attorney of Franklin County, Pennsylvania, and defendant in that case, says of plaintiff's sentences that: "the first and second sentences having expired, the third will expire at the maximum term on or about December 15, 2026." (Doc. No. 166, att.1, at 3.) Plaintiff asks for admission of this document so that the court and defendants will accept the statement made by Fogal in his "official capacity as a Commonwealth advocate." (Doc. No. 166, at 3, ¶ 8). Plaintiff also requests admission of Fogal's brief in his objections to the report and recommendation. (Doc. No 176, at 2-3).

Judge Blewitt construed the motion withdrawn due to plaintiff's failure to comply with the local rules. (Doc. No. 167). Plaintiff responded to this ruling twice: by again moving for an enlargement of time to serve a request to admit Fogal's brief, (Doc. No. 169), and by appealing Judge Blewitt's withdrawal of his original motion for extension of time. (Doc. No. 172).[5] The court will **DENY**

---

[4]Benchoff v. Fogal, et al., 13-cv-01216.

[5] Plaintiff filed the appeal as a "motion to rescind order." The "motion" is, in fact, an appeal of Judge Blewitt's order pursuant to Fed.R.Civ.P. 72(a)

8

plaintiff's motion for an enlargement of time. (Doc. No. 169). Even if it had considered Mr. Fogal's brief, the court would still adopt Judge Blewitt's report and recommendation. This court has determined that plaintiff's sentence is not divisible for the purposes of determining whether underlying sentences have "expired." Mr. Fogal's brief may be a document intended for litigation, but it is not an binding statement of the law of sentence aggregation. It does not raise a genuinely disputed issue of fact, and does not change the court's decision regarding the disposition of these motions. The court will therefore **DENY** plaintiff's appeal of Judge Blewitt's order deeming the plaintiff's motion withdrawn, as his request for an enlargement of time has been considered by the court, thus rendering the relief requested in the appeal moot.

## IV. <u>CONCLUSION</u>

In light of the foregoing, the report and recommendation, (Doc. No. 168), will be **ADOPTED**, plaintiff's motion for partial summary judgment, (Doc. No. 107), will be **DENIED**, and defendants' motion for summary judgment, (Doc. No. 153), will be **GRANTED**. Plaintiff's appeal, (Doc. No. 172), of Judge Blewitt's order entered on August 14, 2013, (Doc. No. 167), is **DENIED** as moot. Plaintiff's motion for enlargement of time, (Doc. No. 169), will be

---

and L.R. 72.2. The docket was therefore amended to reflect the matter as an appeal.

**DENIED**. The Clerk is directed to close the case. An appropriate order shall issue.

s/ *Malachy E. Mannion*<br>
**MALACHY E. MANNION**<br>
**United States District Judge**

**Dated: September 30, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2011 MEMORANDA\11-1106-01.wpd